CLERK'S COPY
FILED
UNITED STATES DISTRICT COURT
ALP...

FEB 0 4 1999

CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

MICHAEL S. DAVIS,

    Plaintiff,

v.

    No. CIV-98-0952 BB/JHG

STATE OF NEW MEXICO,
PUBLIC DEFENDER OFFICE (SANTA FE),
SCOTT RIEDEL, LAWYER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court to consider Plaintiff's response to the order entered August 20, 1998, and *sua sponte* to review his civil rights complaint pursuant to 28 U.S.C. § 1915(e)(2) and Fed.R.Civ.P. 12(b)(6). Plaintiff is incarcerated and appears pro se. The motion for leave to proceed under 28 U.S.C. § 1915 (Doc. #2) filed August 7, 1998, will be granted, and, for the reasons below, the complaint will be dismissed with prejudice.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) "at any time if the action ... is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court may also dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by



counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendant Riedel, a state public defender who represented Plaintiff in a criminal matter, failed to communicate with or advise Plaintiff regarding restitution payments ordered as part of Plaintiff's sentence. As a result, Plaintiff was rearrested for failure to pay restitution and was detained pending a hearing. The complaint does not specify whether Plaintiff's current incarceration resulted from his failure to pay restitution or from other charges. No separate allegations are made against the other two named Defendants. Plaintiff seeks damages, reinstatement of his probation, and termination of Defendant Riedel's employment.

Plaintiff's allegations against a state public defender do not support a claim under § 1983. Case law is clear that, absent a conspiracy, a public defender undertaking a defense does not act under color of state law for purposes of § 1983. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Harris v. Champion*, 51 F.3d 901, 909-10 (10th Cir. 1995). The complaint will be dismissed for failure to state a claim upon which relief can be granted.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed under 28 U.S.C. § 1915 (Doc. #2) filed August 7, 1998, is GRANTED, and the initial partial payment is WAIVED;

IT IS FURTHER ORDERED that Plaintiff's complaint is DISMISSED, and an order of dismissal shall be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE